IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Kisha Allen | ) |
| | ) |
| Plaintiff | ) Case No. 3:21-cv-1189 |
| | ) |
| vs. | ) |
| | ) |
| Saft America, Inc. | ) |
| | ) |
| Defendant | ) |
| | ) |

# COMPLAINT

Kisha Allen ("Plaintiff") who by and through the undersigned counsel files this Complaint against Saft America, Inc. ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 41 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981, and Plaintiff also joins an intertwined Florida statutory claim, the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes Section 760.01, et. Seq., and 42 U.S.C. § 1981.

2. Jurisdiction is conferred upon this Court by 42 U.S.C. Sect. 2000e-5; 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343.

3. The supplemental jurisdiction of this Court is invoked with respect to Plaintiff's claims under the law of Florida pursuant to:

   a. Title 20 U.S.C. Sect. 1376(a), because the Florida claim is so related to the federal claims with the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution; and,

    b. Title 28 U.S.C. Sect. 1343, because the claim arises out of the same operative facts as the federal claim, and is such that the parties would ordinarily expect to try them in one proceeding.

4. Venue is proper for the United States District Court for the Middle District of Florida because:

    a. Plaintiff was employed in the Middle District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Middle District of Florida;

    b. The acts that gave rise to Plaintiff's claims occurred within the Middle District of Florida pursuant to 42 U.S.C. Sect. 2000e-5(f)(3) and 42 U.S.C. Sect. 1391 "b" and "c"; and

    c. The Defendant is subject to jurisdiction there.

## CONDITIONS PRECEDENT

5. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

6. Plaintiff timely filed a Charge of Discrimination against the Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

7. A Notice of Right to Sue letter was issued on September 2, 2021, a copy of which is attached as Exhibit "A" and incorporated herein by reference.

8. Accordingly, this lawsuit is being filed with the 90 days' time in which to file.

## PARTIES

9. Plaintiff is a permanent resident of the United States, who during all material times resided in the Middle District of Florida.

10. At all times material, Plaintiff, is an African-American woman.

11. Saft America, Inc., Inc. is a corporation organized and existing under the laws of Delaware whose principal address is 13575 Waterworks Street, Jacksonville, FL 32221 and all times material, conducted a continuous business in the Middle District of Florida and is subject to the laws of the United States and of the State of Florida.

12. Saft America, Inc., Inc. is an "employer" within the meaning of the Title VII and the Florida Civil Rights Act.

13. Saft America, Inc., Inc. is engaged in an "industry affecting commerce" within the meaning of Title VII.

14. During all times material, Plaintiff was an "employee" of Saft America, Inc., Inc. as defined by Title VII and the Florida Civil Rights Act.

15. At some or all times material to this action, Saft America, Inc., Inc. and some of its representatives engaged in unlawful discriminatory practices against Plaintiff, which were motivated at least in part by Plaintiff being of African descent.

## FACTUAL ALLEGATIONS

16. On June 28, 2019, Plaintiff was hired by Defendant as a Commodity Manager within Purchasing Department.

17. On April 30, 2020, the Plaintiff was laid off by the Defendant.

18. At all times material, Plaintiff was qualified to perform a job with Defendant within the legitimate expectations of her employer.

19. Plaintiff was an employee in good standing with the Defendant prior to a termination.

20. Plaintiff was qualified to assume another position at the time of her termination.

21. From July 2019 to April 2020, Plaintiff was an employee in good standing.

22. Plaintiff was not treated the same as similarly situated non-African-American employees as the non-African-American employees were not laid off but were given other employment positions within the company, even though said non-African-American employees were not qualified for the positions according to their qualifications.

23. When the Defendant was laid off by the Defendant, she was informed it was due to the COVID-19 pandemic.

24. Curiously, when the Plaintiff was hired in 2019 and before the COVID-19 pandemic began, the Defendant was in the middle of laying off 200 or more people.

25. The Defendant further continued to lay off 2 to 5 people a month in October, November and December of 2019.

26. Moreover, Plaintiff personally observed about 6 to 10 other African Americans no longer employed by the Defendant in the Engineering Department.

27. Upon information and belief, none of the American Americans the Plaintiff personally observed in the Engineering Department are still employed by the Defendant.

28. Furthermore, while the Defendant alleged to have been going through a Reduction in Force plan ("RIF"), they hired 2 white employees within the Purchasing Department alone, together with other hires in other departments.

29. In order to qualify for the position of Commodity Manager, the Defendant required among other things:

    a. A minimum of 8 years progressively responsible purchasing or commodity management experience in a manufacturing environment;

    b. Senior knowledge negotiation techniques and supplier management and a demonstrated ability to see marked trends and react accordingly to prevent

shortages and develop long term GSR (savings roadmap) along with PCBA/Electrical Commodity experience.

30. Plaintiff was replaced by a while employee, Nicole Adams, who did not meet the requirements cited in the above paragraph as she did not have 8 years of buying experience and was not qualified for the position.

31. On October of 2019, Plaintiff filed a whistleblower complaint with company attorney regarding fake purchase order totaling 10 million dollars.

32. In December of 2019, Plaintiff discovered that the Defendant was inflating her taxes owed by including unknown charges on her W-2. The Defendant claimed the charges were for relocation but when questioned, no proof was provided. Specifically, Plaintiff incurred approximately $16,000.0 in moving and relocation expenses but the Company reported over $40,000.00 on her W-2.

33. In March of 2020, as a result of the inconsistency on her W-2 and the Defendant's failure to cure the error, Plaintiff filed a complaint with the IRS.

34. Plaintiff was treated differently from other employees at Defendant, as similarly situated non-African-American employees were not discharged under similar circumstances.

35. Plaintiff was further treated differently from other employees at Defendant, as similarly situated employees who did not file whistleblower claims and reports with the IRS were not discharged under similar circumstances.

**COUNT I**
**TITLE VII CLAIM FOR DISCRIMINATION/ TERMINATION OF EMPLOYMENT BASED ON RACE**

36. Plaintiff re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. Defendant discriminated against Plaintiff on the basis of her race, African-American, by subjecting her to different terms and conditions of employment and terminating her employment for pre-textual reasons.

38. Defendant has engaged in unlawful employment practices and policies in the terms and conditions of Plaintiff's employment in violation of 42 U.S.C. Section 2000e et. Seq. the discriminatory practices include, but are not limited to:

    a. Treating African-American employees differently from non-African-American employees;
    b. Terminating Plaintiff's employment.

39. The effect of the practices complained of above has been to deprive Plaintiff equal employment opportunities and other wise adversely affect her status as an employee because of her race.

40. A direct and proximate result of the intentional and premeditated discriminatory acts by Defendant with respect to this discrimination in the terms and conditions of Plaintiff's employment, Plaintiff has been damaged.  her damages included back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive damages.

41. Plaintiff has retained the services of the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT CLAIM FOR DISCRIMINATION/ TERMINATION OF EMPLOYMENT BASED ON RACE

42. Plaintiff re-alleges paragraphs 1 through 35 as if fully set forth herein.

43. Defendant discriminated against Plaintiff on the basis of her race, African-American, by subjecting her to different terms and conditions of employment and terminating her employment for pre-textual reasons.

44. Defendant has engaged in unlawful employment practices and policies in the terms and conditions of Plaintiff's employment in violation of The Florida Civil Rights Act. Florida Status Section 760.01, et. Seq. The discriminatory practices include, but are not limited to:

   a. Treating African-American employees differently from non-African-American employees;

   b. Terminating Plaintiff's employment.

45. The effect of the practices complained of above has been to deprive Plaintiff equal employment opportunities and other wise adversely affect her status as an employee because of her race.

46. A direct and proximate result of the intentional and premeditated discriminatory acts by Defendant with respect to this discrimination in the terms and conditions of Plaintiff's employment, Plaintiff has been damaged.  her damages included suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme

emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## COUNT III
## RACE DISCRIMINATION (SECTION 1981)

47. Plaintiff re-alleges paragraphs 1 through 35 as if fully set forth herein.

48. Defendant discriminated against Plaintiff on account of her race, African-American, by subjecting her to different terms and conditions of employment and terminating her employment for pre-textual reasons.

49. 42 USC Section 1981 states in relevant part as follows:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

> (b) "Make and enforce contracts" defined:
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. §1981

50. 42 U.S.C. Section 1981 forbids discrimination in the making and enforcing of contracts based on race.

51. The treatment that Plaintiff has suffered at the hands of Defendant was racially motivated and has breached or interfered with Plaintiff's rights under Section 1981.

52. Plaintiff is an African-American female and was discriminated against because of her race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

53. Plaintiff's race was at least a motivating factor in the decision to terminate her employment and treat her differently from other employees.

54. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

55. Defendant through the actions of its agents, outrageously disregarded the requirements to investigate and remedy the claims of discrimination.

56. The actions of the Defendant constitute a violation of Section 1981, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

57. Plaintiff has retained the services of the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## COUNT IV
## RETALIATION UNDER TITLE VII
## 42 U.S.C. § 2000e–3

58. Plaintiff re-alleges paragraphs 1 through 35 as if fully set forth herein.

59. The Plaintiff participated in a protected active by contacting the Defendant's internal agency counselor to report inconsistencies in the purchasing orders. See *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (ruling that federal employee's pre-complaint contact with agency EEO Counselor is participation under Title VII).

60. After contacting the internal agency counselor, the Plaintiff experience further concentrated acts of discrimination against her.

61. Instead of investigating the reported alleged wrongdoing, the employer defendant terminated the Plaintiff instead.

62. Defendant took the material action of terminating the Plaintiff because she reported acts of wrong doing to an internal counselor and to the IRS.

63. As a result of the above actions, the defendant employer violated U.S.C. § 2000e–3 and Plaintiff has suffered damages therefrom.

64. As a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

65. Plaintiff has retained the services of the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

-12-

DATED this 30th day of November, 2021.    Respectfully submitted,

/s/ *Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Kisha Allen
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:    (561) 455-0280
Facsimile:    (561) 455-0281
Email:        ntygar@me.com