UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KISHA ALLEN,

       Plaintiff,

v.                                   Case No. 3:21-cv-1189-MMH-JBT

SAFT AMERICA, INC.,

       Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 32; Motion), filed on March 31, 2023. In the Motion, Defendant Saft America, Inc. requests "full and final summary judgment on all claims in this action and requests that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice." See Motion at 26. Despite ample time to do so, and a Court Order directing Plaintiff Kisha Allen to respond to the Motion (Doc. 47), Allen did not file a substantive response. Instead, on August 18, 2023, Allen filed a Response to Defendant's Notice of Non-Compliance and this Court's Order of July 14, 2023 (Doc. 50; Response). In this Response, Allen states that she "has no reply that can be properly offered and therefore does not substantively reply. Under the

circumstances the undersigned cannot file a reply and requests the Court rule on the motion as it sees appropriate." See Response at 1.[1]  Significantly, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted).  As such, the Court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).  In doing so and for the reasons below, the Court finds that Saft's Motion is due to be granted.

## I. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a).  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

---

[1] Despite the confusing reference to a reply, Allen plainly means in context that she lacks any substantive response to the Motion and thus, has declined to file one. See M.D. Fla. Local Rule 3.01(b) and (d) (discussing responses and replies).

materials." Rule 56(c)(1)(A).[2] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Est. of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When the non-moving party bears

---

[2] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 Advisory Committee's Note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.
  In citing to Campbell, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the burden of proof on an issue at trial, the moving party need not 'support its motion with affidavits or other similar material negating the opponent's claim,' Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), in order to discharge this initial responsibility." Gonzalez v. Lee Cnty. Hous. Auth., 161 F.3d 1290, 1294 (11th Cir. 1998). Instead, the moving party simply may demonstrate "that there is an absence of evidence to support the nonmoving party's case." Id.

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) ("The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case.").

In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th

Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). If the non-moving party does not oppose a summary judgment motion, then the court may grant the unopposed motion after due consideration of the merits and the evidence presented. See Howard v. Gee, 538 F. App'x 884, 890 (11th Cir. 2013) (affirming denial of unopposed motion for summary judgment where court gave "due consideration to the merits" of defendants' motion "and the evidence presented"); see also Rule 56(e)(3) (providing for entry of summary judgment if a motion and supporting materials "show that the movant is entitled to it" and the opposing party "fails to properly address another party's assertion of fact").

**II.   Background**

Saft hired Allen as a Commodity Manager within the Purchasing Department on June 28, 2019. See Amended Complaint (Doc. 10) ¶ 16; Defendant's Answer and Affirmative Defenses to Amended Complaint (Doc. 15; Answer) ¶ 16. On April 30, 2020, Allen "was laid off by [Saft]." See Amended Complaint ¶ 17; Answer ¶ 17. Following the termination of her employment, Allen "filed a Charge of Discrimination against [Saft] with the United States Equal Employment Opportunity Commission ('EEOC')" and received a Notice of Right to Sue letter. See Amended Complaint ¶¶ 6, 7; Answer ¶¶ 6, 7. Allen then initiated this action against Saft on November 30, 2021. See Complaint (Doc. 1). She filed an Amended Complaint on January 31, 2022, which is the

operative pleading at this time.  In the Amended Complaint, Allen asserts claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., the Florida Civil Rights Act (FCRA), and 42 U.S.C. § 1981.  See generally Amended Complaint.[3]  All of her claims are premised on her contention that Saft unlawfully terminated her employment based on her race.  On February 25, 2022, Saft filed an answer to the Amended Complaint and denied any wrongdoing.  See generally Answer.

---

[3] In the Motion, Saft separately moves for summary judgment on the FCRA claims based on a failure to exhaust.  Specifically, Saft argues that Allen insufficiently alleged exhaustion as to her FCRA claims because she only references the EEOC.  See Motion at 15-16.  Saft further contends that Allen failed to properly exhaust her FCRA claims because she "only filed her Charge with the EEOC" and "did not otherwise file her Charge with the FCHR [Florida Commission on Human Relations] . . . ."  See id. at 16.  In support, Saft relies on Gillis v. Sports Auth., Inc., 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000).

Saft's argument fails to appreciate that the FCRA was amended **over twenty years ago**, in 2001, to specifically provide that "[i]n lieu of filing the complaint with the [FCHR], a complaint under this section may be filed with the federal Equal Employment Opportunity Commission...."  See Fla. Stat. § 760.11(1); see also 2001 Fla. Sess. Law Serv. Ch. 2001-187 (C.S.S.B. 354).  As such, case law following this change recognizes that to satisfy the filing requirements of the FCRA, a plaintiff may file with the EEOC or the FCHR.  See, e.g., Jones v. Bank of Am., 985 F. Supp. 2d 1320, 1325 (M.D. Fla. 2013); see also Wen Liu v. Univ. of Miami Sch. of Medicine, 693 F. App'x 793, 796 (11th Cir. 2017) ("Under the FCRA, a plaintiff must file formal charges with the EEOC or a state commission within 365 days of the alleged FCRA violation."); Rodrigues v. SCM I Invs., LLC, No. 2:15-cv-128-FtM-29CM, 2015 WL 6704296, at *7 (M.D. Fla. Nov. 2, 2015) (citing Fla. Stat. § 760.11(1)).  Moreover, the analysis in Gillis is based on a prior version of the EEOC Charge form which required a plaintiff to affirmatively request dual filing by checking a box.  See Denning v. Powers, No. 12-14103-CIV-MARTINEZ-LYNCH, 2012 WL 12867836, at *1 (S.D. Fla. Dec. 12, 2012).  But here, Allen's Charge of Discrimination states directly above her signature that she "want[s] the charge filed with both the EEOC and the state or local Agency, if any."  See Motion, Ex. A: Hybrid Deposition of Kisha Allen, Ex. 12: EEOC Charge of Discrimination.  The FCHR is identified as the state agency in all caps and bold letters at the top of the form.  Id.  For all of these reasons, Saft's exhaustion arguments are plainly without merit and the Court takes this opportunity to remind defense counsel that his duty of candor to the Court requires that he make a reasonable inquiry to ensure that his legal arguments are supported by viable law.

In the Motion, Saft presents unrebutted evidence that in 2020, due to a variety of factors, including negative impacts on its profitability from the COVID-19 pandemic, Saft implemented a reduction in force (RIF) to reduce its operating costs. See Motion, Ex. C: Declaration of Jody Beasley (Beasley Decl.) ¶¶ 16-19, 23-28, 31, 45-47. The general manager of Saft's Jacksonville facility at the time, Jody Beasley, was "responsible for evaluating and selecting Jacksonville facility employees as of April 1, 2020 for separation as part of the RIF on April 30, 2020." See id. ¶ 48. Beasley explains that "the 2020 RIF unfortunately resulted in the selection of 28 Jacksonville employees for separation, including [Allen]." Id. ¶ 78. According to Beasley, she selected Allen to be a part of the RIF after considering the following criteria: "(i) impacts on [Saft's] business needs stemming from the COVID-19 pandemic; (ii) redundancy; and, (iii) the ability to reassign responsibilities." Id. ¶ 50. In addition, Beasley states that "[u]nder no circumstance or interpretation did I remotely consider or factor [Allen's] race . . . or any other employee's race in connection with selecting or not selecting employees for separation as part of the RIF." Id. ¶ 69.

### III. Applicable Law

"Title VII of the Civil Rights Act prohibits employers from discriminating against 'any individual with respect to [her] compensation, terms, conditions, or privileges of employment' because of that individual's race." Davis v. Legal

Servs. Alabama, Inc., 19 F.4th 1261, 1265 (11th Cir. 2021) (quoting 42 U.S.C. § 2000e-2(a)(1)). "Section 1981 similarly prohibits race discrimination in employment." Id.; see also Ferrill v. Parker Grp., Inc., 168 F.3d 468, 472 (11th Cir. 1999) ("Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts."). The analysis of a race discrimination claim under § 1981 is identical to that of Title VII. See Standard v. A.B.E.L. Servs., 161 F.3d 1318, 1330 (11th Cir. 1998) (stating that Title VII and Section 1981 have the same requirements of proof and use the same analytical framework) abrogated on other grounds by Burlington N. & Santa Fe Ry. Co., 548 U.S. 53 (2006); see also Anyanwu v. Brumos Motor Cars, Inc., 496 F. App'x 943, 948 (11th Cir. 2012). Accordingly, the Court will discuss Allen's Title VII and Section 1981 claims together. See Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1985) (explaining that a racial discrimination claim under Title VII need not be discussed separately from a Section 1981 discrimination claim).[4]

"Employees who believe that they are the victims of racial discrimination may, of course, present direct evidence of that discrimination." Flowers v.

---

[4] Allen also asserts parallel race discrimination claims under the FCRA. See generally Amended Complaint. "Because the FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework, the state-law claims do not need separate discussion and their outcome is the same as the federal ones." See Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1271 (11th Cir. 2010) (internal citation omitted); Gray v. City of Jacksonville, Fla., 492 F. App'x 1, 3 (11th Cir. 2012).

Troup Cnty., Ga., Sch. Dist., 803 F.3d 1327, 1335 (11th Cir. 2015). Where, as here, "direct evidence of unlawful discrimination is lacking, Title VII plaintiffs may instead turn to the burden-shifting framework set out in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)." Id. Under the McDonnell Douglas framework, "a plaintiff first must make out a prima facie case of discrimination that 'in effect creates a presumption that the employer unlawfully discriminated against the employee.'" Id. (quoting Burdine, 450 U.S. at 254). The burden of production then shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action. Burdine, 450 U.S. at 254-56; Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010). If the defendant meets this burden of production, the burden shifts back to the plaintiff to show that the stated reason is a mere pretext for unlawful discrimination and was not the "true reason for the employment decision." Burdine, 450 U.S. at 256; Alvarez, 610 F.3d at 1264. A plaintiff may satisfy this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Burdine, 450 U.S. at 256. "Despite these shifts in the burden of production, the ultimate burden of persuasion remains on the plaintiff to show

that the defendant intentionally discriminated against her." Alvarez, 610 F.3d at 1264.

Generally, to establish a prima facie case of discrimination in a race discrimination case, a plaintiff must establish:

> (1) that [she] is a member of a protected class, (2) that [she] was qualified for the position, (3) that [she] experienced an adverse employment action, and (4) that [she] was replaced by someone outside of [her] protected class or received less favorable treatment than a similarly situated person outside of [her] protected class.

See Flowers, 803 F.3d at 1336. However, in cases involving a reduction in force (RIF), "a modified prima facie formulation may apply, which allows a case of discrimination to be established by presenting evidence showing, not dissimilar treatment, but that the employer intended to discriminate against the plaintiff in making the discharge decision." See Fuller v. Edwin B. Stimpson Co. Inc., 598 F. App'x 652, 653 (11th Cir. 2015) (citing Standard, 161 F.3d at 1331). Thus, in RIF cases, a plaintiff may satisfy her prima facie burden by showing that: (1) she "was a member of a protected group and was adversely affected by an employment decision;" (2) "was qualified for [her] own position or to assume another position at the time of the discharge;" and (3) her "employer intended to discriminate against [her] in making the discharge decision." See Standard, 161 F.3d at 1331; see also Felder v. Bradford Health Servs., 493 F. App'x 17, 19-20 (11th Cir. 2012). As to the employer's intent, "a plaintiff must proffer evidence that the defendant (1) consciously refused to consider retaining the

plaintiff because of [her] race or (2) regarded race as a negative factor in such consideration." See Fuller, 598 F. App'x at 653 (citing Allison v. Western Union Telegraph Co., 680 F.2d 1318, 1321 (11th Cir. 1982)).

## IV. Discussion

In the Motion, Saft argues that Allen "cannot show that she was replaced by, or treated less favorably than, a similarly situated employee outside of her protected group." See Motion at 19. As summarized above, Allen bears the burden of proof on this element of her claim. See Flowers, 803 F.3d at 1336. However, because she does not substantively respond to the Motion, Allen fails to come forward with any arguments or evidence identifying any comparator. While the Court recognizes that Allen identified potential comparators in the Amended Complaint, she cannot rely on her pleadings to avoid summary judgment against her. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). And the Court is not obligated to search the record for facts or evidence not brought to its attention. See Duckworth v. Pilgrim's Pride Corp., 764 F. App'x 850, 855 n.1 (11th Cir. 2019); see also Rule 56(c)(3) ("The Court need consider only the cited materials . . . .").

The Court also considers whether Allen can satisfy her burden under the modified prima facie formulation applicable in RIF cases. In the Motion, Saft argues that there is no evidence that it "intended to discriminate against [Allen] when she was selected to be included in the RIF." See Motion at 19. As set

forth above, it is Allen's burden to identify sufficient evidence from which a reasonable fact finder could conclude that Saft intended to discriminate against her in making the discharge decision. See Standard, 161 F.3d at 1331. And once again, because Allen has not responded to the Motion, she fails to meet her burden in this regard. Moreover, Saft presents unrebutted evidence that Beasley, the decisionmaker, did not consider Allen's race in selecting her for termination as part of the RIF. See Beasley Decl. ¶ 69. And, Allen points to no evidence that Beasley's reasons should be disbelieved or that discriminatory reasons more likely motivated Beasley's decision. See Burdine, 450 U.S. at 256; see also Standard, 161 F.3d at 1332.

In light of the foregoing, the Court finds that the Motion is due to be granted. Indeed, the Supreme Court has instructed that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp., 477 U.S. at 323. The Celotex Court explained that "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. Because Allen "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of

proof," the Court finds that Saft is entitled to judgment as a matter of law. Id. Accordingly, it is

**ORDERED:**

1. Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 32) is **GRANTED**.

2. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant Saft America, Inc. and against Plaintiff Kisha Allen.

3. The Clerk of the Court is further directed to terminate all pending motions as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of September, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record